IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNION NATIONAL LIFE INSURANCE COMPANY**                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:13-CV-111-KS-MTP**

**SANDRA P. FOXWORTH, GAIL A. MCKALPHIN,**
**HARRY E. FOXWORTH, MARVIN R. FOXWORTH,**
**PERCY N. FOXWORTH AND CRAFT FUNERAL**
**HOME, INC.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant Craft Funeral Home, Inc.'s Motion for Payment of Funeral Expenses [15]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied.

## I. RELEVANT BACKGROUND

This action centers on a dispute over the rightful beneficiary to the proceeds of a life insurance policy issued by Union National Life Insurance Company ("Union National") to Marcus Foxworth. On May 28, 2013, Union National filed its Complaint for Interpleader [1] in this Court. Subject matter jurisdiction is asserted under Title 28 U.S.C. § 1335 on the grounds that the money at issue exceeds $500 and that two or more of the claimants to the insurance proceeds are of diverse citizenship. The following allegations of the Complaint are pertinent to the subject motion. Union National issued policy number 7020550702 (the "Policy") to Marcus Foxworth with a face amount of $25,000.00 in life insurance benefits. The Policy was in full force and effect when Marcus Foxworth died on September 12, 2012. Sandra Foxworth and Harry Foxworth subsequently asserted competing claims to the proceeds of the Policy based on various change of beneficiary forms. Some of the beneficiary forms identify Marvin Foxworth, Percy Foxworth, and Gail A. McKalphin as being, or having been, primary or contingent

beneficiaries under the Policy.  In addition, Harry Foxworth represented to Union National that he assigned a portion of the insurance proceeds to Craft Funeral Home, Inc. ("Craft") pursuant to an Assignment of Proceeds of Insurance (the "Assignment").

On January 23, 2014, the Court entered an Agreed Order of Interpleader and Dismissal of Union National Life Insurance Company with Prejudice [14].  The Order [14] authorized Union National to deposit $21,500.00,[1] into the registry of the Court, and effected the dismissal with prejudice of Union National upon the Clerk's receipt of the funds.  Counsel for each of the parties, except Gail A. McKalphin, signed the Order [14].  Ms. McKalphin has not entered an appearance or filed any documents in this action, and it appears that she was never served with process.  Sandra Foxworth's Answer to Complaint for Interpleader [11] asserts that Ms. McKalphin is deceased.

On February 25, 2014, Craft filed its Motion for Payment of Funeral Expenses [15].  Craft asserts that it provided funeral and burial services on behalf of Marcus Foxworth at a cost of $5,958.72.  Craft claims that it is entitled to recover this sum from the insurance proceeds held in the registry of the Court pursuant to the Assignment executed by Harry Foxworth.  (*See* Doc. No. [1-4 at ECF p. 8].)  Sandra Foxworth opposes the motion.  Ms. Foxworth principally argues that she is the rightful beneficiary under the Policy and Harry Foxworth had no authority to assign any insurance proceeds to Craft.  Harry Foxworth, Marvin Foxworth, and Percy Foxworth do not oppose Craft's requested relief.  (*See* Doc. No. [19].)

## II.  DISCUSSION

"An interpleader action typically involves two stages."  *Rhoades v. Casey*, 196

---

[1] Union National was permitted to retain $3,500.00 of the Policy proceeds in consideration of the fees and expenses it incurred in seeking interpleader.

F.3d 592, 600 (5th Cir. 1999).  This action has proceeded past the first stage,[2] which involves the determination of whether there are adverse claimants to a single fund.  *See Rhoades*, 196 F.3d at 600 (citing Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 1714 (1986)).  The resolution of the competing claimants' rights to the subject fund is at issue in the second stage of an interpleader action.  *See id.*  In the absence of special circumstances, this phase proceeds like any other cause of action.  *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1714 (3d ed.).  "When there is no genuine issue of material fact the second stage may be adjudicated at summary judgment, and if there is a trial each claimant must prove their right to the fund by a preponderance of the evidence."  *See Rhoades*, 196 F.3d at 600.

Craft does not specify the procedural rule under which it seeks relief.  The Court finds Federal Rules of Civil Procedure 12(c) and 56 potentially applicable since Craft is essentially requesting a judgment in its favor as to its claim to a portion of the insurance proceeds.  Judgment on the pleadings under Rule 12(c) "'is appropriate only if there are no disputed issues of material fact and only questions of law remain.'"  *United States v. 0.073 Acres of Land*, 705 F.3d 540, 543 (5th Cir. 2013) (quoting *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)).  Similarly, there must be "no genuine dispute as to any material fact" in order for a movant to obtain summary judgment.  Fed. R. Civ. P. 56(a).  Craft is not entitled to a judgment under either Rule at this stage of the litigation given the disputed nature of its claim.

Craft's right to a portion of the insurance proceeds turns on the effectiveness of Harry Foxworth's Assignment.  Thus, granting Craft's motion would require the Court to resolve in Harry Foxworth's favor the central issue of whether he or Sandra Foxworth is

---

[2] (*See* Order [14].)

the rightful beneficiary under the Policy.  The pleadings indicate that Marcus Foxworth's mental capacity at the time Union National received certain change of beneficiary forms will be a primary consideration in determining this issue.  There is nothing before the Court enabling it to decide this fact-intensive matter at the present time.  Accordingly, Craft's motion will be denied without prejudice.  Craft may re-urge its request for funeral expenses at trial or by way of a properly supported motion for summary judgment.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Craft Funeral Home, Inc.'s Motion for Payment of Funeral Expenses [15] is denied without prejudice.

SO ORDERED AND ADJUDGED this the 15th day of April, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE